THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Keith B. Bruce,       
Appellant.
 
 
 

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No.  2005-UP-333
Submitted May 1, 2005  Filed May 16, 2005

AFFIRMED

 
 
 
Edward Delane Rosemond, of Seneca, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Christina Theos Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM: Keith B. Bruce appeals his convictions for distribution of marijuana and distribution of marijuana within proximity of a school.  He argues that the trial judge should have directed a verdict because the States evidence merely raised a suspicion of guilt. We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities: State v. McHoney, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) (A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged.); State v. Wiggins, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998) (holding a trial court is concerned with the existence or non-existence of evidence, not its weight); State v. Johnson, 334 S.C. 78, 84, 512 S.E.2d 795, 798 (1999) (Viewing the evidence in the light most favorable to the State, a jury question is created if there is any direct or substantial circumstantial evidence which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced.); State v. Gaster, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) (On an appeal from the trial courts denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial courts ruling.).  
AFFIRMED.[1]
GOOLSBY, HUFF, and KITTREDGE, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, and 220(b)(2) SCACR.